# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

RHINELANDER HERNANDEZ,

        Petitioner,

v.                                             CIVIL ACTION NO. 5:17-cv-03000
                                                   (Criminal No. 5:15-cr-00033)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Document 75), brought on the grounds, *inter alia*, that his counsel was ineffective, that he was improperly sentenced as a career offender, and that he should have been permitted to withdraw his guilty plea. The Court has also reviewed the Petitioner's *Memorandum in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255* (Document 76), the *Response of the United States to Movant Rhinelander Hernandez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Document 80), and the *Reply of the Movant to the United States' Response to the Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Document 86). For the reasons stated herein, the Court finds that the Petitioner's motion should be denied.

# FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Petitioner, Rhinelander Hernandez, was indicted on February 24, 2015, on charges of distribution of cocaine and distribution of heroin. On May 13, 2015, the United States filed an Information pursuant to 21 U.S.C. § 851, alleging that Mr. Hernandez was subject to enhanced penalties due to a prior felony drug conviction. On May 28, 2015, Mr. Hernandez's original attorney, an Assistant Federal Public Defender, sought to withdraw, and the Magistrate Judge appointed Stephen O. Callaghan, a member of the CJA panel.

Mr. Hernandez entered into a plea agreement with the United States, wherein he agreed to plead guilty to Count Two of the Indictment, or the distribution of heroin. The United States agreed to dismiss Count One and the § 851 Information. During a plea hearing held on August 18, 2015, Mr. Hernandez indicated that he was satisfied with his counsel and stated the factual basis of his plea. He explained that he sold one or two stamps of heroin to a "[a] guy named Tattoo" on December 2, 2014 at a Go-Mart in Beckley, West Virginia, after arranging the transaction on the internet. (Plea Tr. at 12:4–13:7) (Document 58.) The Court explained the maximum potential penalties and advised Mr. Hernandez that the United States' agreement to dismiss the § 851 Information would have no bearing on whether a career offender enhancement would apply under the Guidelines. Mr. Hernandez stated that he understood the potential penalties. He also assured the Court that he understood the terms of the appellate waiver contained in his plea agreement, including his agreement to waive the right to appeal any sentence that did not exceed the statutory maximum.

Mr. Hernandez appeared for his scheduled sentencing hearing on December 2, 2015. At the beginning of the hearing, Mr. Callaghan informed the Court that Mr. Hernandez had requested

a continuance, wanted to withdraw his plea, and requested new counsel. Mr. Callaghan described, in general terms, his interactions with his client, including discussions prior to both the plea and the sentencing. Mr. Hernandez indicated that he wished to withdraw his plea and be appointed new counsel because he believed he could not have been convicted of the charge to which he pled guilty. The Court found no legitimate legal basis to support a continuance, withdrawal of the guilty plea, or appointment of new counsel under the applicable legal standard for each issue.

Mr. Hernandez, by counsel, objected to the use of a state conviction for conspiracy to commit a felony as a predicate controlled substance offense for purposes of the career offender provision of the Guidelines. The Court overruled the objection, finding the state statute divisible and concluding that it was appropriate to consider the felony the defendant was convicted of conspiring to commit—here, delivery of a Schedule II narcotic controlled substance. Because of his career offender status, Mr. Hernandez's Guideline sentencing range was 151-188 months. The Court varied downward to impose a sentence of 120 months.

Mr. Hernandez filed a direct appeal. The Fourth Circuit appointed attorney John Hampton Tinney, Jr., to represent him on appeal. Mr. Tinney filed an *Anders* brief, suggesting that application of the career offender provision may have been in error. Mr. Hernandez filed a *pro-se* brief, similarly arguing that he should not have been sentenced as a career offender and that his attorney was ineffective. On August 12, 2016, the Fourth Circuit dismissed Mr. Hernandez's appeal in an unpublished opinion, concluding that the appellate waiver in Mr. Hernandez's plea agreement precluded consideration of the career offender enhancement. The Fourth Circuit further found that no ineffective assistance of counsel was apparent from the record, and that issue could be more fully explored in a § 2255 petition.

Mr. Hernandez brought his motion pursuant to 28 U.S.C. § 2255 on May 22, 2017. The Magistrate Judge directed the United States to file an answer, and the United States' answer to the motion was filed on October 24, 2017. The motion is fully briefed and ripe for ruling.

**STANDARD OF REVIEW**

Motions pursuant to 28 U.S.C. § 2255 permit federal prisoners to challenge their convictions or sentences, usually within one year after the judgment becomes final. "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The petitioner bears the burden of proving, by a preponderance of evidence, that he is entitled to relief under §2255. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). However, "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Where the motion, files, and records in the case "conclusively show that the prisoner is entitled to no relief," no hearing is required. 28 U.S.C. § 2255(b).

**DISCUSSION**

Mr. Hernandez asserts that he is innocent of selling heroin to the confidential informant as alleged in the count of conviction. He states that he informed Mr. Callaghan of his innocence and sought to review a video of the transaction produced in discovery with Mr. Callaghan, but Mr. Callaghan insisted that the video clearly showed a drug transaction and advised him to plead guilty.

He states that he pled guilty only because his attorney was unwilling to assist him in proving his innocence. Mr. Hernandez contends that his appellate attorney failed to review the discovery materials that showed that he had not distributed the heroin. Mr. Hernandez further asserts that his sentence as a career offender was the result of his counsel's ineffective representation. Finally, he argues that he had the right to withdraw his guilty plea because the Court deferred acceptance of his plea agreement pending review of the presentence investigation report.

In response, the United States points to the plea colloquy, wherein Mr. Hernandez set forth a factual basis for his plea, as well as assuring the Court that he was competent to plead guilty and was doing so knowingly and intelligently. The United States contends that the appellate waiver bars further argument or consideration related to Mr. Hernandez's career offender designation or the denial of his motion to withdraw his guilty plea. After summarizing the record, particularly Mr. Hernandez's responses to questions during both the plea and the sentencing hearings, the United States contends that there is no evidence to support the ineffective assistance of counsel claim. Finally, the United States notes Mr. Callaghan's success in negotiating for the United States to dismiss the 21 U.S.C. §851 Information, which would have increased both the statutory maximum and the Guidelines range, and his success in obtaining a downward departure.

As an initial matter, the Court finds the Petitioner's argument that he was entitled to withdraw his plea for any reason to be unavailing. While the Court deferred acceptance of the *plea agreement* until the sentencing hearing in order to review the presentence investigation report, the Court accepted the *plea of guilty* and adjudged Mr. Hernandez guilty at the time of the plea hearing. Thus, Rule 11 permits withdrawal of the plea only if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The Court found that

Mr. Hernandez had not set forth legitimate grounds for withdrawal of his plea and denied the motion. Given the appellate waiver contained in the plea agreement signed by Mr. Hernandez, whether the Court erred in denying the motion is not cognizable unless the plea itself was involuntary or the denial resulted from ineffective assistance of counsel. Mr. Hernandez has not shown evidence of either circumstance.

Mr. Hernandez waived the right to challenge his sentence or conviction on collateral attack, with the exception of claims of ineffective assistance of counsel, and so the Court will focus on the ineffective assistance allegations. The Court finds that the record is sufficiently clear to permit a ruling without further discovery or a hearing.

Criminal defendants are entitled to "reasonably effective assistance" of counsel, evaluated based on "an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "To prove a claim of ineffective assistance of counsel, a defendant must show (1) 'that counsel's performance was deficient,' and (2) 'that the deficient performance prejudiced the defense.'" *United States v. Woodard*, 640 F. App'x 259, 261 (4th Cir. 2016) (unpublished) (citing and quoting *Strickland*, 466 U.S. at 687). In guilty plea cases, "where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To evaluate whether the alleged error(s) of counsel caused the defendant to plead guilty, the court must consider "whether the evidence likely would have changed the outcome of a trial." *Id*.

In general, defendants are bound by the statements made under oath during a Rule 11 plea hearing. *United States v. Lemaster*, 403 F.3d 216, 220–22 (4th Cir. 2005). "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false,'" such that no hearing is necessary to resolve the motion. *Id*. (internal citations and quotations removed) (citing *Crawford v. United States,* 519 F.2d 347, 350 (4th Cir.1975)).

Mr. Hernandez asserts that he reviewed footage of the controlled buy of heroin with the Assistant Federal Public Defender originally appointed to represent him and believes the footage includes a statement by the confidential informant that he purchased the heroin from someone other than Mr. Hernandez. Mr. Hernandez and Mr. Callaghan communicated regarding the evidence, and Mr. Callaghan assured him that he fully reviewed the footage. The record is clear that Mr. Callaghan spent more than adequate time on this case, including time spent communicating with his client. The record from the plea hearing is also clear. Mr. Hernandez expressed satisfaction with his counsel and gave responses supporting the conclusion that he was competent and capable of entering an informed plea, that he understood his rights and the charges against him, and that his plea was knowing and voluntary.

Mr. Hernandez also put forth a factual basis for his guilty plea. He signed a Stipulation of Facts stating that, on or about December 2, 2014, he "distributed a quantity of heroin . . . to a CI working with law enforcement officers." (Plea Agreement, Document 39.) During the plea hearing, after the Court described the elements of the offense, he stated that he "sold the heroin" on "December 2, 2014" to "[a] guy named Tattoo, goes by Tattoo." (Plea Tr. at 12:4–12:9.) He

7

indicated that the transaction was arranged on the internet and took place at a Go-Mart in Beckley. He stated that he sold one or two stamps of heroin in return for "$40 or $50." (*Id.* at 13:1.) The United States described its evidence that "the defendant sold a quantity of heroin to a CI who was working with law enforcement officers," including stating that it would introduce the case agent, the confidential informant, and the chemist who found that the substance was heroin, as well as the audio and video recording of the buy. (*Id.* at 13:17–13:25.) Mr. Hernandez agreed that the United States' description of the evidence was accurate, without challenging the suggestion that the video footage and the confidential informant's testimony would support a conviction.

Because "in the absence of extraordinary circumstance, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any §2255 motion that necessarily relies on allegations that contradict the sworn statements," the Court finds that the motion regarding ineffective assistance of counsel and actual innocence should be denied. Mr. Hernandez's motion rests on a version of the facts and evidence of the offense that squarely contradicts the detailed admissions made during his Rule 11 plea hearing. He offers no explanation for his failure to inform the Court that he did not distribute the heroin or that he believed the footage of the controlled buy was exculpatory— footage which he asserts he reviewed with his previous counsel and discussed with Mr. Callaghan prior to entering a plea. In short, there is no evidence that Mr. Callaghan failed to perform an adequate investigation into the evidence against Mr. Hernandez and Mr. Hernandez offered sworn admissions to the facts of the offense. Mr. Hernandez has not met the first prong of *Strickland*, given the lack of evidence that Mr. Callaghan's performance was deficient. Likewise, Mr. Hernandez's appellate counsel's alleged failure to review the underlying evidence of the offense

cannot be considered either deficient or prejudicial in light of the content of the plea agreement, plea hearing, and appellate waivers.

Consideration of the Petitioner's career offender status is precluded by the waivers contained in his plea agreement, except to the extent the Petitioner asserts that his attorney was ineffective at sentencing. Mr. Callaghan thoroughly argued the position that Mr. Hernandez's West Virginia conviction for conspiracy to commit a felony did not constitute a valid predicate offense for career offender purposes. The Court's adverse ruling does not render Mr. Callaghan's representation ineffective, and the collateral attack as to any error in that ruling was waived in the plea agreement. Therefore, Mr. Hernandez's challenge to his sentence must be denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Document 75) be **DENIED** and that this matter be **DISMISSED** from the Court's docket.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 6, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA